**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMARAH COLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1856** |
| **EQUIFAX, ET AL.** | **SECTION: T (3)** |

## <u>ORDER AND REASONS</u>

Before the Court are two Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): one filed by defendant Equifax Information Services LLC ("Equifax"), R. Doc. 12, and joined by defendant Trans Union LLC ("Trans Union"), R. Docs. 35, 36, and another filed by defendant Experian Information Solutions, Inc. ("Experian"), R. Doc. 14. Each of the consumer reporting agencies seek dismissal of pro see Plaintiff, Jamarah Coleman's ("Plaintiff's") Complaint against them. Plaintiff opposes both motions, R. Docs. 20, 24, and each movant has replied in support of its motion, R. Docs. 21, 27, 28. Having reviewed the record, the briefs, and the applicable law, the Court finds that both motions should be **GRANTED**.

### I.   BACKGROUND

Plaintiff, proceeding pro se, filed this action on September 10, 2025, alleging claims against Equifax, Trans Union, and Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. R. Doc. 2. According to the Complaint, Plaintiff alleges that "Defendant(s) failed to validate an alleged debt in violation of 15 U.S.C. § 1692g(b) [of the FDCPA] and reported or failed to correct inaccurate credit information in violation of 15 U.S.C. §§ 1681i(a) and 1681s-2(b) [of the FCRA]." *Id.* at p. 3. More specifically, Plaintiff alleges that Equifax reported inaccurate credit information

about her, that she disputed the reported information, and that Equifax failed to correct or remove the false information. *Id.* at pp. 4-6. Plaintiff further alleges that these actions caused damage to her credit score and resulted in financial harm.[1] *Id.*

Defendant Equifax moved to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint constitutes impermissible shotgun pleading, fails to state a claim under the FCRA or the FDCPA, and should be dismissed because Equifax is neither a furnisher of information for purposes of 15 U.S.C. § 1681s-2(B) nor a debt collector within the meaning of the FDCPA. R. Doc. 12-1, pp. 3-7. Equifax additionally argues that dismissal is warranted for insufficient service of process and lack of Article III standing. *Id.* at pp. 7-11. Defendant Trans Union subsequently moved to join Equifax's Motion to Dismiss, which the Court granted. R. Docs. 35, 36.

Experian separately moved to dismiss under Rule 12(b)(6), arguing that Plaintiff's Complaint contains no factual allegations directed toward Experian and otherwise fails to state a plausible claim under the FCRA or the FDCPA. R. Doc. 14-1, pp. 3-5. Experian further argues that dismissal with prejudice is appropriate because any amendment to the Complaint would be futile. *Id.* at p. 6. Plaintiff opposes both motions. R. Docs. 20, 24. Defendants have filed replies in support of their respective motions, R. Docs. 21, 27, 28, which are now submitted to the Court.

## II. LAW AND ANALYSIS

### a. *Motion to Dismiss Standard Under Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a complaint based on the plaintiff's "failure to state a claim upon which relief can be granted."

---

[1] The Complaint repeats the same allegations for each named defendant, though the statement of the claim as to each defendant identifies only Equifax by name. R. Doc. 2, pp. 4-6. In other words, the factual allegations directed towards Experian and Trans Union only refer to actions allegedly taken by Equifax.

Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings, *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004), and the documents attached to the complaint, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

The court's review must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Additionally, courts may not rely on "legal conclusions that are disguised as factual allegations." *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

Here, Plaintiff has asserted various claims under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, namely Section 1692g(b) of the FDCPA and Sections 1681i(a) and 1681s-2(b) of the FCRA. The Court now considers whether Plaintiff has stated a plausible claim of each.

### b. *Plaintiff's FDCPA Claims*

Plaintiff first alleges that Defendants violated the FDCPA by "fail[ing] to validate an alleged debt." R. Doc. 2, p. 3. Both Motions seek dismissal of Plaintiff's FDCPA claims because the provisions of the FDCPA "generally apply only to debt collectors" rather than to consumer reporting agencies like Equifax, Experian, and Trans Union. *See* R. Doc. 12-1, p. 5; R. Doc. 14-1, p. 5. "The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013) (citing 15 U.S.C. § 1692). "Because Congress 'intended the FDCPA to have a broad remedial scope,' it should 'be construed broadly and in favor of the consumer.' " *Dumas v. Transfinancial Companies, L.L.C.*, No. 25-30473, 2026 WL 1538110, at *2 (5th Cir. June 1, 2026) (quoting *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 683 (5th Cir. 2020)).

Here, Plaintiff alleges that each defendant "failed to validate an alleged debt in violation of 15 U.S.C. § 1692g(b)" of the FDCPA. R. Doc. 2, p. 3. Under this provision, "if a consumer disputes a debt with the debt collector, the debt collector must 'cease collection of the debt' until the debt collector verifies the debt and mails verification to the consumer." *Dumas v. Transfinancial Companies, L.L.C.*, No. 25-30473, 2026 WL 1538110, at *2 (5th Cir. June 1, 2026) (quoting 15 U.S.C. § 1692g(b)). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Exempted from the FDCPA's definition of 'debt collector' is 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.' " *Hunter v. Ally Bank Corp.*, No. CV 25-1043, 2025 WL 3009346, at *4 (E.D. La. Oct. 9, 2025) (quoting 15 U.S.C. § 1692a(6)(F)), *report and recommendation adopted sub nom. Hunter v. Ally*, No. CV 25-1043, 2025 WL 3003338 (E.D. La. Oct. 27, 2025). Thus, "courts recognize that 'debt collector' does not include lenders, consumer's creditors, mortgage servicing companies, or the assignee of a debt as long as the debt was in default at the time it was assigned." *Id.* (citing *Gipson v. JPMorgan Chase*, No. 13-2477, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013)).

As noted by Equifax in its Reply, "numerous courts have rejected the notion that [consumer reporting agencies] are regulated under the FDCPA." R. Doc. 27, pp. 3-4 (citing *White v. Experian Consumer Fraud Assistance,* No. 16-cv-49, 2016 WL 8919459, at *2 (N.D.W. Va. Aug. 15, 2016) ("Experian is not a debt collector, but rather a consumer reporting agency."), *aff'd,* 671 F. App'x 878 (4th Cir. 2016); *Peterson v. American Express*, No. CV-14-02056, 2016 WL 1158881, at *8 (D. Ariz. Mar. 23 2016) ("The CRAs in this case are not 'debt collectors' within the meaning of the statute."); *Gaft v. Mitsubishi Motor Credit of Am.*, No. 07-CV-527, 2009 WL 3148764, at *10 (E.D.N.Y. Sept. 29, 2009) (dismissing FDCPA claims against Equifax, Experian, and Trans Union because "no defendant, as alleged, is a 'debt collector' within the meaning of the FDCPA" and "plaintiff has not alleged that defendants have engaged in any attempt to collect a debt from plaintiff"); *Brumby v. Trans Union LLC*, No. 1:08CV298, 2008 WL 3823712, *2 (M.D.N.C. Aug. 13, 2008) (dismissing FDCPA claim against Trans Union because "Defendant is not a debt collector as defined by the federal statute, and the FDCPA applies only to debt collectors"); *Roybal*

*v. Equifax*, No. 2:05CV1207, 2006 WL 902276, at *3 (E.D. Cal. Apr. 4, 2006) (dismissing FDCPA claims against credit reporting agency defendants who "are not subject to the FDCPA because they are not debt collectors as that term is defined under the FDCPA")). Equifax further highlights that Plaintiff's mere allegation that Defendants engage in credit reporting is insufficient to establish them as "debt collectors" because he does not allege, for example, that they have contacted him seeking to recover funds or have obtained funds that are owed to others from consumers. R. Doc. 27, p. 4. As a matter of law, none of the named defendants—Equifax, Experian, nor Trans Union— is a debt collector for purposes of the FCDPA. Because Plaintiff alleges only that Defendants are consumer reporting agencies and includes no factual allegations suggesting that any Defendant attempted to collect a debt from her, Plaintiff has failed to state a claim under the FDCPA. Accordingly, the Court will dismiss Plaintiff's FDCPA claims.

### c. *Plaintiff's FCRA Claims*

Next, the Court considers Plaintiff's allegations under the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 et seq. The FCRA "regulates the consumer reporting agencies that compile and disseminate personal information about consumers," *Trans Union LLC v. Ramirez*, 594 U.S. 413, 418 (2021), and aims "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy," *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "Consumer reporting agencies ("CRAs") have an obligation under the [FCRA] to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *Roybal v. Equifax*, No. 2:05CV1207, 2006 WL 902276, at *1 (E.D. Cal. Apr. 4, 2006) (citing 15 U.S.C. § 1681e(b)). "A consumer can bring a civil action against a credit reporting agency for negligent or willful violations of its statutory obligations [under the FCRA]." *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 285

(5th Cir. 2025) (citing 15 U.S.C. §§ 1681n-1681o). Here, Plaintiff alleges that Defendants reported or failed to correct inaccurate credit information in violation of two sections of the FCRA: Section 1681i(a) and Section 1681s-2(b).

### i.  <u>Section 1681i(a) of the FCRA</u>

"Section 1681 sets forth the procedures a consumer reporting agency must follow when a consumer disputes the accuracy of information in the consumer's file." *Id.* "A consumer file is composed of 'all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.'" *Id.* (quoting 15. U.S.C. § 1681a(g)). "Generally, an item of information is 'inaccurate' within the meaning of the FCRA 'either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

> Section 1681i provides that, upon receiving notice that a consumer disputes "the completeness or accuracy of any item of information" in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." In conducting its reinvestigation, the agency must "review and consider all relevant information submitted by the consumer" regarding the disputed information. Within 30 days of notice of the dispute, the consumer reporting agency must either record the current status of the disputed information in the consumer's file, or delete or modify the disputed item of information if it is "inaccurate or incomplete or cannot be verified." "If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." The consumer reporting agency must include this statement, or a summary of the dispute, with the disputed information in future consumer reports.

*Id.* (internal citations omitted). In the Fifth Circuit, a claim brought under Section 1681i "must fail" if brought "without a showing that the reported information was in fact inaccurate." *Id.* at 286.

Here, Plaintiff alleges only that Defendants reported inaccurate credit information, that she

disputed the information, that Defendants failed to correct or remove it, and that Plaintiff suffered harm. The Complaint does not identify the allegedly inaccurate account or tradeline, explain why any reported information was inaccurate, identify when Plaintiff submitted any dispute, describe the information Plaintiff provided in support of the dispute, or otherwise allege facts demonstrating that any Defendant failed to conduct a reasonable reinvestigation. *See* R. Doc. 2. Rather, the conclusory assertions offered in Plaintiff's Complaint merely track the statutory language of Section 1681i. Because Plaintiff has brought her claims under Section 1681i "without a showing that the reported information was in fact inaccurate" (or even identifying the allegedly inaccurate information), these claims "must fail." *Reyes*, 140 F.4th at 286. Accordingly, Plaintiff has failed to plead sufficient facts to state a plausible claim for relief under Section 1681i(a), and the Court will dismiss this claim.[2]

### ii.  Section 1681s-2(b) of the FCRA

Plaintiff's second FCRA claim alleges that Defendants violated Section 1681s-2(b) of the FCRA. "The Fifth Circuit has assumed, without deciding, that a plaintiff can assert a private right of action *against a furnisher of information* under § 1681s-2(b)." *Hunter v. Ally Bank Corp.*, No. CV 25-1043, 2025 WL 3009346, at *7 (E.D. La. Oct. 9, 2025) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)), *report and recommendation adopted sub nom. Hunter v. Ally*, No. CV 25-1043, 2025 WL 3003338 (E.D. La. Oct. 27, 2025) (emphasis added).

To file a claim under Section 1681s-2(b), a plaintiff must allege the following essential

---

[2] The Court notes again that the Complaint repeats identical allegations for each named defendant. Although separate pages of the pro se complaint form are devoted to each defendant, each page identifies only Equifax by name when stating factual allegations. Because courts construe pro se allegations liberally, *e.g.*, *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 96 (5th Cir. 1994), the Court does not rest its decision on this drafting error alone. Rather, even construing the Complaint liberally and assuming Plaintiff intended to assert the same allegations against all three consumer reporting agencies, the Court finds that the Complaint nonetheless fails to allege sufficient facts to state a plausible claim.

elements: "(1) plaintiff 'initiated a dispute with a credit reporting agency; (2) the credit reporting agency provided [the furnisher of the allegedly inaccurate information] with notice of the dispute; and (3) [the furnisher of the allegedly inaccurate information] failed to take appropriate action regarding the dispute." *Id.* (quoting *Wagner v. BBVA Bank*, No. 22-680, 2024 WL 1741350, at \*2 (W.D. Tex. Mar. 11, 2024)).

Here, Plaintiff has failed to state a claim under Section 1681s-2(b). Plaintiff alleges that Defendants reported inaccurate credit information and failed to correct or remove that information after she disputed it. R. Doc. 2, pp. 4-6. Those allegations concern the conduct of consumer reporting agencies. Section 1681s-2(b), however, governs the duties imposed on furnishers of information after receiving notice of a dispute from a consumer reporting agency. Plaintiff alleges no facts to suggest that any Defendant acted as a furnisher of information with respect to the information at issue. Accordingly, Plaintiff has failed to state a claim under Section 1681s-2(b), and the Court will dismiss this claim.

### d. *Remaining Arguments*

Because the Court concludes that dismissal of all claims is warranted under Rule 12(b)(6), it declines to address Equifax's remaining arguments concerning service and standing. *See* R. Doc. 12-1, pp. 7-11. Additionally, Plaintiff asks that, should the Court grant Defendants' Motions, it dismiss the underlying claims without prejudice and allow her to file an amended pleading. R. Doc. 24, p. 1. *See also id.* at pp. 2-3 (arguing that "Plaintiff can plead additional facts identifying the inaccurate item(s) appearing on Experian's consumer report, the dates of disputes, Experian's reinvestigation response, and the harm caused"). Defendants, on the other hand, each ask the Court to dismiss the claims with prejudice, R. Docs. 12, 14, 21, with Experian explicitly requesting that Plaintiff not be granted leave to amend her complaint, R. Doc. 14-1, p. 6. Specifically, Experian

argues that "Plaintiff cannot establish inaccuracy or falsehood in [Defendants]'s reports, or assert certain claims under any factual scenario" and highlights jurisprudence from this Court demonstrating that leave to amend need not be granted when any amendment would be futile. *Id.* (citing *HSBC Bank v. Murungi*, No. 10-1527, 2010 WL 3170736, at \*10-11 (E.D. La. Aug. 3, 2010). The Court agrees that amendment would be futile as to Plaintiff's FDCPA claim and her claim under Section 1681s-2(b), both of which fail against the named Defendants, who are neither "debt collectors" nor "furnishers of information" as contemplated by statute. However, because Plaintiff is proceeding pro se and has not previously amended her Complaint, the Court will permit Plaintiff one opportunity to amend her Section 1681i(a) claim to cure the pleading deficiencies identified herein.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (R. Doc. 12) filed by defendant Equifax Information Services LLC and joined by defendant Trans Union LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (R. Doc. 14) filed by defendant Experian Information Solutions, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and Plaintiff's claim under 15 U.S.C. § 1681s-2(b) are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claim under 15 U.S.C. § 1681i(a) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint within twenty-one (21) days of the entry of this Order to cure the deficiencies identified herein. Failure to timely amend may result in dismissal of this action with prejudice.

New Orleans, Louisiana, this 2nd day of July 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

11